James Kevin HOARY,
Plaintiff-Appellant,

v.

Thomas G. LOWE, Defendant-Appellee.

No. 85CA0877.

Colorado Court of Appeals,
Div. II.

Jan. 29, 1987.

Kevin Z. Shine, P.C., Kevin Z. Shine, Denver, Law Offices of James R. Vassilos, James R. Vassilos, Chicago, Ill., for plaintiff-appellant.

Dickinson, Herrick-Stare & Hibschweiler, P.C., Gilbert A. Dickinson, Denver, for defendant-appellee.

STERNBERG, Judge.

The plaintiff, James Kevin Hoary, sued the defendant, Thomas G. Lowe, for medical malpractice. The trial court granted defendant's motion for summary judgment on the grounds that reasonable persons could not differ regarding the facts which govern application of the two-year statute of limitations then in effect, Colo.Sess. Laws 1977, ch. 198, § 1, § 13–80–105(1) at 816. Plaintiff appeals contending that the two-year statute should not have been applied. We do not address this contention, but hold that the three-year repose provision of the above statute of limitations, which was then in effect, does bar his claim. We therefore affirm.

Plaintiff sustained injuries in an automobile accident in October of 1980, as a consequence of which the defendant performed surgery on him. Rods were inserted in the plaintiff's back in the course of this operation. A year later, plaintiff noted a deformity in his back and consulted with other physicians who told him, in late November 1981, that the rods had broken and should be removed. Surgery was performed to remove them in January of 1982. Plaintiff first consulted an attorney regarding this case in March of 1982, but suit was not filed until January 5, 1984.

Plaintiff asserts that the record does not support the trial court's conclusion that no genuine issue of fact existed regarding when the plaintiff knew or should have known the cause of his injuries, so as to begin the two-year statute of limitations running. *See Mastro v. Brodie*, 682 P.2d 1162 (Colo.1984). Assuming without deciding the correctness of that assertion, we agree with the defendant's contention urged in the summary judgment motion that the date plaintiff knew or should have known the cause of his injuries is irrelevant because the action is barred by the three-year repose provision of the statute in effect at the time plaintiff's action was filed.

■ Colo.Sess.Laws 1977, ch. 198 § 1, § 13–80–105(1) provides:

"In no event may such action be instituted more than three years after the act or omission which gave rise thereto, subject to the following exceptions:

(a) ... the act or omission ... was *knowingly concealed* by the person committing such act or omission, or if such act or omission consisted of leaving an *unauthorized foreign object* in the body of the patient...." (emphasis added)

Concluding that it was unconstitutional to grant an exception to "knowing concealment" and "foreign object" claimants, but not to those who based their claim on negligent misdiagnosis, the supreme court adopted an additional exception to the statute of repose in *Austin v. Litvak*, 682 P.2d 41 (Colo.1984).

The essence of plaintiff's complaint is negligent treatment. In response to defendant's motion for summary judgment, the plaintiff argued that his case involved an unauthorized foreign object, knowing concealment, and negligent diagnosis.

Under the supreme court's definition in *Austin v. Litvak, supra,* the rods placed in plaintiff's body by the defendant were not,

as a matter of law, "unauthorized foreign objects" within the meaning of the statute. In that case, the court held that the statutory exception referred to "an object left inadvertently in the patient's body and which has no therapeutic or diagnostic purpose or effect." Plaintiff's complaint alleged that plaintiff was advised by the defendant to undergo surgery to insert the rods in order to remedy an unstable fracture sublaxation. Hence, the rods were not left inadvertently in plaintiff's body, but rather placed there with plaintiff's knowledge for a therapeutic purpose.

■ When the defendant raised the statute of limitations as an affirmative defense, it was incumbent upon the plaintiff to come forward with facts sufficient to invoke any knowing concealment or negligent misdiagnosis exceptions to the statute. *Austin v. Litvak, supra.* Rather than doing so, he raised these issues by means of conclusory allegations in his response to defendant's motion for summary judgment. Unverified allegations in pleadings are insufficient to establish a genuine issue of fact as to these exceptions. *Austin v. Litvak, supra.*

Accordingly, we conclude that, as a matter of law, none of the exceptions to the repose provision of the statute of limitations are pertinent to plaintiff's claim and that, therefore, his claim is barred by that statute.

The summary judgment in favor of defendant is affirmed.

SMITH and KELLY, JJ., concur.